IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROBERT E. BANKS**                                                            **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 5:05cv53DCB-JCS**

**YAZOO CITY POLICE DEPARTMENT**
**DERRICK PARKER and DICK ROHMAN**                          **DEFENDANTS**

**MEMORANDUM OPINION**

On April 18, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, requesting in forma pauperis status. On April 20, 2005, this court entered two orders. One order advised the plaintiff about the Prison Litigation Reform Act and directed him within thirty days to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he elected to dismiss. The second order which was entered on April 20, 2005, directed the plaintiff to file a completed application to proceed in forma pauperis, including the section which is entitled "Certificate to Be Completed by Authorized Officer" of prison accounts. Alternatively the plaintiff was directed to file an affidavit stating the name of the prison official who was contacted regarding the certificate. The plaintiff was cautioned that his failure to comply with the orders in a timely manner could result in the dismissal of his case. The plaintiff has failed to comply.

On June 17, 2005, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with this court's April 20, 2005 orders. The plaintiff was warned in the June 17, 2005 order that if he did not comply with the order his case would be dismissed without prejudice and without further notice to him. The

plaintiff failed to comply with this order.

The plaintiff has failed to comply with three court orders. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, in order to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion of the court's calendar. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the   19   day of   August   , 2005.


      s/David Bramlette
UNITED STATES DISTRICT JUDGE